■ WILLIAM L. DARROW, Respondent, v. LEONARD ENGEL, Defendant, and FRANCIS T. WRING, Appellant.— In an action to recover damages for personal injuries, the jury rendered a verdict for $25,000 in favor of plaintiff against both defendants. Defendant Wring appeals from the judgment entered thereon. Judgment reversed and a new trial granted on the issues raised by the complaint and appellant's answer thereto, with costs to abide the event, unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the amount of the verdict to $12,000, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the verdict is excessive. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ MARY A. FRAWLEY, Respondent, v. THOMAS A. FRAWLEY, Appellant.— Appeal, as limited by appellant's brief, from an order denying his motion to modify a final judgment of divorce by reducing the amount of weekly alimony awarded therein. Order reversed, without costs, and matter remitted to the Special Term for a hearing by the court or by an Official Referee as to appellant's claimed illness affecting his earning capacity, and the actual amounts earned by him. In view of the sharp conflict as to appellant's illness and actual earnings, and of respondent's admitted earnings, a hearing should have been held to resolve the basic question of whether the alimony awarded by the judgment should continue unchanged (cf. Gross v. Gross, 8 A D 2d 951). In our opinion, a letter dated October 4, 1956, stating that it was intended to be in lieu of a motion for alimony pendente lite and counsel fees in the divorce action, may not be construed as an independent and subsisting "separation agreement". Even assuming arguendo that it was such an agreement, it became merged in the subsequent judgment of divorce by reason of respondent's request that the Official Referee fix alimony therein at the same rate as was contained in the prior outstanding judgment of separation between the parties. Admittedly, too, respondent sought enforcement of appellant's obligation for her support, not by action on the asserted agreement, but rather by a motion to punish for contempt for failure to comply with the judgment of divorce. Under the circumstances, respondent evinced the intention that the claimed "separation agreement" was to be merged in such judgment, and the Special Term had the power, under a showing of changed circumstances, to modify the support provision for respondent contained in the judgment requested and invoked by her (Goldman v. Goldman, 282 N. Y. 296; Deitch v. Deitch, 149 N. Y. S. 2d 353; see, also, Hettich v. Hettich, 304 N. Y. 8, 14; Schmelzel v. Schmelzel, 287 N. Y. 21, 25). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.