■ EDYTHE B. GILBERT, Appellant, v STEPHEN GILBERT, Respondent.—In a matrimonial action in which the plaintiff wife had previously been granted a judgment of divorce, she appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, dated January 9, 1976, as denied those branches of her motion which sought to enforce certain provisions of a separation agreement which was incorporated into, but survived, the judgment of divorce, relating to the maintenance of insurance policies on the defendant's life and the payment of the college transportation expenses of the parties' son. Order affirmed insofar as appealed from, with $50 costs and disbursements. Nothing in the Domestic Relations Law would preclude Special Term from enforcing a provision in a separation agreement incorporated into a decree of divorce which requires a husband to maintain existing insurance policies on his life, with the wife designated as beneficiary therein (see *Ehrler v Ehrler,* 69 Misc 2d 234), although the court could not so direct the husband in the absence of any such agreement *(Rosenberg v Rosenberg,* 42 AD2d 590; *Enos v Enos,* 41

AD2d 642). No plenary action for specific performance is necessary to accomplish that result where, as here, the judgment of divorce recites that the court retains jurisdiction to enforce such provisions of the separation agreement as are capable of specific enforcement. Nevertheless, we affirm the denial of plaintiff's motion to specifically enforce the insurance provision, as well as that relating to college transportation of the parties' son, on the ground that no violation thereof has been demonstrated. We note that schedule "A" to paragraph 14 of the separation agreement specifically refers to certain insurance policies by name and number, and thus that appellant had full knowledge of the contents of such policies. Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.