■ PAULETTE HOLLIDAY, Appellant, v MORTON HOLLIDAY, Respondent.— In a matrimonial action in which the plaintiff was previously granted a judgment of divorce, she appeals from (1) an order of the Supreme Court, Nassau County, dated September 21, 1976, which, *inter alia,* denied her motion to (a) enforce a stipulation which was incorporated into but survived the judgment of divorce, (b) adjudge the defendant to be in contempt of court and (c) assess a counsel fee and (2) an order of the same court, dated December 2, 1976, which denied her motion for reargument. Appeal from the order dated December 2, 1976 dismissed, without costs or disbursements.

No appeal lies from an order denying reargument. Order dated September 21, 1976 modified by (1) deleting the second sentence of the first decretal paragraph thereof and (2) deleting the third decretal paragraph thereof and substituting therefor the following: "The branches of plaintiff's motion which seek specific enforcement of the stipulation and counsel fees are granted to the extent that a hearing is directed with respect thereto." As so modified, order affirmed, without costs or disbursements, and action remanded to Special Term for further proceedings consistent herewith. While the court properly refused to entertain the application to hold defendant in contempt (see 22 NYCRR 699.9 [f] [4]; see, also, Domestic Relations Law, § 245; *Kolmer v Kolmer,* 13 Misc 2d 313, affd 6 AD2d 1001), the application for specific enforcement of the stipulation should not have been denied. "No plenary action for specific performance is necessary * * * where * * * the judgment of divorce recites that the court retains jurisdiction to enforce such provisions of the [stipulation] as are capable of specific enforcement" *(Gilbert v Gilbert,* 54 AD2d 752, 753). Since an application for specific enforcement is an action on the judgment (see *Gilbert v Gilbert, supra),* counsel fees may be awarded in the discretion of the court (see Domestic Relations Law, § 238; cf. *Fabrikant v Fabrikant,* 19 NY2d 154). Martuscello, J. P., Latham, Mollen and O'Connor, JJ., concur.