■ In the Matter of MARIE A. BURDO, Respondent, v WILMER C. BURDO, Appellant. — Appeal from an order of the Family Court of Essex County (Garvey, J.), entered July 2, 1982, which directed respondent husband to pay the cost of his daughter's care and treatment at an alcohol and drug rehabilitation clinic. In May, 1974, the parties entered into a separation agreement. This agreement provided that it be incorporated by reference in any judgment of divorce and merged therein. Paragraph 6 of the parties' separation agreement provides, *inter alia,* that respondent husband is responsible for any and all medical and dental expenses incurred by the parties' children. Subsequently, on July 16, 1974, the parties were divorced. About December 16, 1981, the parties' child, Debra, was admitted to Spofford Hall Alcohol and Drug Rehabilitation Center. When respondent refused to pay for this treatment, petitioner filed a petition in Family Court to enforce the terms of the judgment of divorce regarding payment of medical expenses. Following a hearing, Family Court granted the petition, ordering respondent to pay for his daughter's treatment at Spofford Hall. This appeal ensued. Initially, respondent contends that petitioner was attempting to enforce the separation agreement, a remedy which was unavailable to her since the agreement was merged in the judgment of divorce. However, a review of the petition reveals that the relief sought was enforcement of the judgment of divorce. Since it is undisputed that the judgment of divorce incorporated the terms of the separation agreement, petitioner was entitled to seek enforcement of the judgment of divorce (*Frawley v Frawley,* 9 AD2d 895; 2 Foster & Freed, Law & the Family, § 26:8, p 307). Respondent next contends that the evidence before the Family Court was insufficient to support its finding that the treatment at Spofford Hall was a medical expense. The record, however, belies this assertion. Briefly, it is uncontroverted that Debra's admission to Spofford Hall followed a suicide attempt and was recommended by her treating physician. Finally, in the circumstances of this case, we find without merit respondent's argument that Family Court was required to conduct a *de novo* determination of the parties'

support obligations. The order of Family Court should therefore be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.