■ Linda Cohn, Appellant, v Louis Cohn, Respondent. — In a matrimonial action, plaintiff wife appeals (1) from so much of a judgment of the Supreme Court, Westchester County (Buell, J.), dated October 15, 1982, as omitted from said judgment specific proposed decretal paragraphs and (2) from an order of the same court, dated December 20, 1982, which denied her motion to resettle the judgment. ¶ Appeal from the order dismissed. No appeal lies from an order denying resettlement of a judgment (*Bergin v Anderson,* 216 App Div 844; *Katz v Katz,* 13 AD2d 529). ¶ Judgment reversed insofar as appealed from, on the law, by (1) deleting the second decretal paragraph and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED, that the separation agreement entered into between the parties on June 21, 1982, a copy of which is on file with the Court, shall be incorporated herein but shall survive and shall not be merged in this judgment and the court retains jurisdiction of the matter,

concurrently with the Family Court, for the purpose of specifically enforcing such of the provisions of said agreement as are capable of specific enforcement or, to the extent permitted by law and for the purpose of making such further decree with respect to maintenance, support, custody or visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it"; (2) adding to the third decretal paragraph a provision that the two issue of the marriage shall reside with plaintiff; and (3) adding the following decretal paragraphs: ¶ "ORDERED, ADJUDGED AND DECREED, that the defendant shall have the reasonable right to visit the children on reasonable notice such as herein provided, and the plaintiff shall afford the defendant the opportunity to do so one weekday per week after the childrens' school activities until 9:30 P.M., and on Saturday or Sunday of each weekend from 9:00 A.M. until 11:00 P.M., on one weekend per month; two weeks in the summer, and one week in the winter during either Christmas vacation or February vacation, at the option of the defendant, and the defendant, in addition to the foregoing, shall have visitation with the children on alternate Jewish holidays, as well as on alternate Thanksgivings and other national holidays; and it is further ¶ "ORDERED, ADJUDGED AND DECREED, that the parties shall at all times keep each other informed of their current addresses; and it is further, ¶ "ORDERED, ADJUDGED AND DECREED, that all marital personal property shall be divided as set forth in the agreement between the parties dated June 21, 1982, and it is further, ¶ "ORDERED, ADJUDGED AND DECREED, that the parties shall promptly offer for sale the marital home premises known as 62 Candlewood Road, Scarsdale, New York and divide the proceeds as authorized in the agreement between the parties dated June 21, 1982; and it is further, ¶ "ORDERED, ADJUDGED AND DECREED, that the defendant shall pay all the expenses of maintaining the marital premises including, without limitation, mortgage, taxes, insurance, heat, light, telephone, repairs, and gardening and the same shall not be considered as alimony or maintenance. If any such expenses shall be unpaid at closing, the same shall be deducted from the defendant's share of the proceeds at closing; and it is further, ¶ "ORDERED, ADJUDGED AND DECREED, that until such time until the closing of title shall take place with respect to the marital premises, the defendant shall pay to the plaintiff as and for household money the sum of $75 per week on Monday of each and every week. If any such expenses shall be unpaid at the time of the closing, same shall be deducted from the defendant's share of the proceeds at the closing; and it is further, ¶ "ORDERED, ADJUDGED AND DECREED, that commencing simultaneously with plaintiff moving out of the marital premises and continuing to the earlier of the following events: 1) plaintiff shall remarry 2) the defendant shall die 3) the plaintiff shall die, the defendant shall pay to the plaintiff the sum of $150 per week for the support and maintenance of the plaintiff and the support and maintenance of the children, Rena Cohn and Mitchell Cohn. Said sum is allocated $50 support for each child and $50 maintenance for the plaintiff; and it is further, ¶ "ORDERED, ADJUDGED AND DECREED, that the defendant shall pay the cost of maintaining the existing Blue Cross and Phoenix Mutual Insurance policies for the benefit of the infant children and shall pay all medical, dental and pharmaceutical charges incurred by or for the benefit of each of the infant children as long as the child is not emancipated; and it is further, ¶ "ORDERED, ADJUDGED AND DECREED, that the defendant shall maintain a life insurance policy on his life in the amount of $60,000 on which the defendant shall name the plaintiff as irrevocable beneficiary. The defendant, at his sole cost and expense, shall pay all dues, premiums and assessments on the policy, so long as the defendant has any liability hereunder or by law to make payments to the plaintiff for the support of Rena Cohn or Mitchell Cohn and the plaintiff. The defendant shall exhibit receipt to the plaintiff on payment of the premiums

therefor". ¶ Plaintiff is awarded one bill of costs. ¶ Pursuant to the terms of the parties' separation agreement, that agreement was incorporated into and survived the subsequent judgment of divorce. Plaintiff appeals from the judgment on the grounds that it failed to recite that the Supreme Court retains jurisdiction concurrently with the Family Court and that it failed to recite the specific provisions of the separation agreement which confer obligations upon the parties. Plaintiff alleges that by virtue of these omissions, she is relegated to a plenary action for specific enforcement of the separation agreement and denied enforcement of the provisions of the separation agreement under section 244 of the Domestic Relations Law and sections 461 and 466 of the Family Court Act. ¶ In all cases where a separation agreement is not merged into but survives the divorce decree, the judgment shall contain a recitation that the Supreme Court retains jurisdiction concurrent with the Family Court for the purpose of specifically enforcing and modifying the decree with respect to maintenance, support, custody or visitation (22 NYCRR 699.9 [f] [4]; see Approved Forms for Matrimonial Judgments, par J13). Furthermore, specific provisions of the separation agreement which may be sought to be modified in the Supreme Court or the Family Court, should be included in the decree. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.