■ VELMA R. FILIPPINI, Respondent, v C. JAMES FILIPPINI, Appellant. — In a matrimonial action, defendant husband appeals from an order of the Supreme Court, Dutchess County (Ingrassia, J.), entered May 19, 1983, which granted plaintiff wife's motion to amend a judgment of divorce of the same court (Dickinson, J.), dated August 15, 1977, to include provisions of a separation agreement which was incorporated but not merged in the judgment.

Order affirmed, with costs.

The parties were married in 1962 and four children were born to the marriage. In 1976, the parties entered into a separation agreement. The agreement provided, *inter alia,* that plaintiff wife would have custody of the children until their emancipation and that defendant husband would be entitled to visitation as specified. Defendant agreed to pay child support in the sum of $20 per week for each minor child and to maintain his minor children as beneficiaries under his health insurance policy. The agreement provided that in the event of a divorce, its terms would be incorporated in and become part of the final judgment, and the judgment would direct the parties to perform their respective obligations under the agreement. Finally, the agreement provided that it would survive the judgment of divorce and would not merge therein.

Plaintiff wife thereafter commenced an action for a conversion divorce and a judgment of divorce was entered on August 15, 1977. The judgment provided, *inter alia,* that the separation

agreement was incorporated, but not merged therein, and that the Supreme Court and Family Court would retain concurrent jurisdiction for the purpose of enforcement and modification of the support, custody or visitation provisions of the agreement. However, the judgment did not recite those provisions.

By order to show cause dated January 4, 1983, plaintiff wife moved to amend the judgment of divorce so as to specifically include the custody, visitation and support provisions of the separation agreement. Plaintiff alleged that defendant had failed to comply with the provision of the agreement requiring him to provide health insurance coverage for the minor children and, further, that changed financial circumstances required an upward modification of child support. Plaintiff maintained that because the custody, visitation and support provisions of the separation agreement were merely incorporated by reference but not specifically recited in the judgment, she was relegated to a plenary action for specific enforcement of the agreement, and she could not avail herself of enforcement by contempt pursuant to section 245 of the Domestic Relations Law, nor could she seek modification of the support provisions of the agreement in the Family Court pursuant to sections 461 and 466 of the Family Court Act. By order entered May 19, 1983, Special Term granted the motion and directed plaintiff to submit an amended judgment. The court found that the proposed amendment would effectuate the original intent of the parties.

The order should be affirmed. The separation agreement clearly manifests an intent on the part of both parties that its provisions would become part of the final judgment. However, because the pertinent terms of the agreement were not specifically recited in the decretal portion of the judgment, there was no judicial mandate that the terms of the agreement be carried out by the parties and, therefore, enforcement by contempt was not available (22 NYCRR 699.9 [f] [4]). In order to ensure that contempt would be available to enforce the parties' obligations covering support, custody and visitation under the separation agreement, the judgment was properly amended to specifically set forth the currently applicable requirements of the agreement (22 NYCRR 699.9 [f] [4]). Furthermore, specific provisions of the separation agreement which the parties may seek to modify in the Supreme Court or the Family Court should be included in the decretal provisions of the final judgment of divorce (*Cohn v Cohn*, 100 AD2d 528, 530). We find no merit to the contentions raised by defendant in opposing amendment of the judgment herein. Mollen, P. J., Gibbons, Bracken and Niehoff, JJ., concur.