(December 17, 1984)

■ STUART D. BAKER, Appellant, v ELISABETH K. BAKER, Respondent. — In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (Palella, J.), entered May 23, 1983, which, *inter alia,* upon the defendant wife's motion pursuant to section 244 of the Domestic Relations Law for leave to enter a money judgment for arrears in alimony, ordered payment of the arrears.

Order affirmed, with costs.

Plaintiff contends that his obligation to pay alimony was extinguished by virtue of a cohabitation clause in a separation agreement which was incorporated, but not merged, into a judgment of divorce between the parties, and, therefore, that he is not a "defaulting party" within the meaning of section 244 of the Domestic Relations Law (cf. *Zipparo v Zipparo,* 70 AD2d 616). Plaintiff, however, admittedly did not rely on his alleged

contractual rights under the cohabitation clause when he ceased payment, and, in any event, has failed to raise any material issues of fact to show that defendant was actually cohabiting with another. As plaintiff was in default, and failed to show good cause for failure to make application for relief prior to accrual of arrears, the order should be affirmed (Domestic Relations Law, § 244). Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.