■ AGNES TOROK, Appellant, v ANDREW E. TOROK, Respondent. — In a matrimonial action, plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated December 15, 1983, as granted (1) that branch of her motion as sought an increase in child support to be paid by defendant husband only to the extent of increasing that sum from $81.75 per week to $94.25 per week for each child effective July 28, 1983; (2) denied that branch of her motion which sought an increase in the payment of alimony; and (3) awarded counsel fees of only $1,000.

Order modified, on the law and the facts, by (1) increasing the child support award from $94.25 to $106.75 per week per child and (2) increasing the counsel fee award to $2,000. As so modified, order affirmed insofar as appealed from, with costs to plaintiff.

The parties herein were married on September 1, 1963. Two children were born of this marriage. On June 7, 1979, a mutual judgment of divorce was granted to the parties. A stipulation of settlement was entered into by and between the parties, and was read into the record and incorporated into the judgment, but not merged therein. This stipulation, in pertinent part, provided that defendant was to pay to the plaintiff the sum of $163.50 per week as alimony, and the sum of $81.75 per child (or $163.50 per week) in child support. By order to show cause dated January 4, 1983, plaintiff moved for an order modifying the judgment of

divorce seeking an increase in the amount of alimony to $276.50 per week and an increase in child support to a total of $276.50 per week. Plaintiff further sought the reasonable counsel fees attendant to such an application.

Special Term, in issuing its order, indicated that the plaintiff had not demonstrated to the court's satisfaction that the alleged increases in expenses and needs were unanticipated at the time she agreed to stipulate to the support allocations. A $25 upward modification in child support was, however, granted, based solely on the fact that the children's tuition increases were dramatic and unforeseen. No mention was made as to whether the children were being sufficiently provided for, despite legal guidelines that when a right to adequate support is asserted, the primary determinative should be the satisfaction of that child's needs and not the foreseeability of increased expenses (see *Matter of Brescia v Fitts,* 56 NY2d 132).

The record reveals an increase of approximately $21,000 in defendant's 1982 gross income as compared to his 1979 gross income. Testimony and financial data presented indicated that the plaintiff is unable to meet her cost of living on the basis of her income and that, as a result, she has had to liquidate all the assets she had held prior to and at the time of her divorce. In addition she has had to borrow money from both her mother and brother. "Inasmuch as the request here for increased child support was predicated on the child's right to receive adequate support, it was not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase" (see *Matter of Michaels v Michaels,* 56 NY2d 924, 926). In light of the improved financial condition of defendant and of the increased needs and expenses of the children, justification for the upward modification of support, to the extent indicated herein, exists. Plaintiff, however, has failed to establish that she is in actual peril of becoming a public charge (see *McMains v McMains,* 15 NY2d 283, 284-285; *Goldman v Goldman,* 69 AD2d 758, 759), and therefore Special Term properly refused to grant an increase in alimony payments. Lastly, on the record before us, we find that the award of counsel fees was inadequate to the extent indicated. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.