■ ARLENE BROD, Respondent, v MICHAEL BROD, Appellant.— In a matrimonial action, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 27, 1985, as granted the plaintiff wife's motions to the extent of directing the defendant to appear for an examination before trial with respect to his financial circumstances and directed a hearing to determine the plaintiff's entitlement to an upward modification of alimony and a counsel fee with respect to said application.

On the court's own motion, the defendant's notice of appeal from so much of the order as directed a hearing to determine the plaintiff's entitlement to an upward modification of alimony and a counsel fee with respect to said application is treated as an application for leave to appeal, said application is referred to Justice Lawrence, and leave to appeal is granted by Justice Lawrence.

Order reversed, insofar as appealed from, without costs or disbursements, and those branches of the plaintiff's motions which sought an upward modification of alimony, a counsel fee with respect to said application, and an examination before trial of the defendant with respect to his financial circumstances are denied.

Under the circumstances herein, Special Term should have denied those branches of the plaintiff's motions which sought an upward modification of alimony, a counsel fee with respect to that application and an examination before trial with respect to the defendant's financial circumstances. The amount of alimony set forth in the parties' separation agreement, which was valid when made and which was incorporated, but not merged, in the divorce decree, "may not be modified upward unless the recipient spouse 'is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge' (McMains v McMains, 15 NY2d 283, 285)" (Raines v Raines, 80 AD2d 721; Torok v Torok, 106 AD2d 566). The plaintiff has failed to present sufficient facts with respect to her inability to maintain herself to warrant a hearing on whether there should be an upward modification of alimony. Moreover, the plaintiff has not established her entitlement to an examination before trial of the defendant with respect to his financial circumstances. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.