■ DIANE L. PRINCE, Respondent, v RICHARD J. PRINCE, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term erred in refusing to grant defendant's motion seeking leave to amend the divorce decree to incorporate the terms of the separation agreement. The separation agreement clearly manifests the intent of both parties that its provisions would become part of the final judgment (see, Filippini v Filippini, 104 AD2d 787, 788).

Defendant, however, was not entitled to an order to compel plaintiff to list the former marital residence for sale. It is well established that where the terms of a separation agreement are clear and unambiguous, the intent of the parties is to be found within the four corners of the agreement (Nichols v Nichols, 306 NY 490, 496, rearg denied 307 NY 677). Here, the terms of the separation agreement are clear and unambiguous with respect to plaintiff having the "right to sole occupancy and possession" of the former marital residence so long as she remained unmarried or until she elected to sell it. Plaintiff has neither remarried nor made an election to sell. Under these circumstances, defendant cannot compel a sale of the residence. (Appeal from order of Supreme Court, Monroe County, Willis, J.—stay of sale.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIS JONES, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from judgment of Monroe County Court, Cornelius, J.—criminal possession of forged instrument, second degree.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.