OPINION OF THE COURT
John D. Capilli, J.
Upon the foregoing papers it is ordered that the application by the defendant (erroneously denoted as plaintiff on the moving papers herein) for an order resettling and modifying the judgment of divorce dated September 24, 1981 so as to include a decretal paragraph ordering that the parties’ separation agreement dated June 12, 1979 shall be incorporated by reference into said judgment of divorce, and the cross application by the plaintiff for an order modifying the parties’ judgment of divorce and separation agreement so as to reduce or eliminate plaintiff’s obligation to pay maintenance to the defendant on the ground that there has been a substantial change in the respective financial circumstances of the parties and on the further ground that the defendant has been residing with a male and holding herself out as the wife of said male, contrary to the terms and conditions of said judgment of divorce and separation agreement, are decided as follows:
The parties’ separation agreement dated June 12, 1979 provides in relevant part that:
"[d]uring the joint lives of the parties and so long as the wife does not remarry and so long as the wife faithfully performs the terms, covenants and conditions of the Agreement, the husband shall pay to the wife for her support and maintenance the sum of $110.00 per week, on a weekly basis payable on the Friday of each week.
"1. The husband’s obligation to make alimony payments shall cease and terminate in the event that the wife shall reside with a male person to whom she is unrelated by blood and in the event that said male person and the wife shall act as husband and wife or in the event that the wife shall remarry.
*483 "2. Upon the death of the wife the obligation to pay shall cease.
"3. Regardless of whatever income the wife may now or hereafter have or the source thereof earned or unearned the same shall in no way effect or limit the obligation of the husband to provide for her support * * * as herein required.”
The agreement further provides that "no Judgment, Order or Decree in any action for divorce * * * shall make any provision for alimony * * * inconsistent with the provisions of this Agreement, but, if any provision is made in any Judgment, Order or Decree which is inconsistent with the provisions of this Agreement, or imposes a different or greater obligation on either of the parties hereto than provided in this Agreement, the provisions of this Agreement shall take precedence, and shall be the primary obligation of both of the parties hereto. It is further agreed that, upon trial of any action which may hereafter be instituted by either of the parties against the other for absolute divorce in any Court of competent jurisdiction, the party instituting such action shall read the provisions of the Agreement relating to * * * alimony and support into the record of such action as a stipulation between the parties as to the question of alimony. * * * Such a provision specifically reciting, in words or substance; 'Said Agreement of separation is not merged in, but survives this decree, and the parties thereof are hereby Ordered to comply with it on its terms at all times and places’.”
The parties’ judgment of divorce dated September 24, 1981 contains no decretal provision mandating the payment of alimony to the defendant. The judgment recites that it is: "further ordered, adjudged and decreed that the Separation Agreement entered into between the parties on the 12th day of June, 1979, a copy of which is on file with the Court, shall survive and shall not merge in the Judgment and the Court retains jurisdiction of the matter concurrently with the Family Court for the purposes of specifically enforcing such other provisions of the Agreement as are capable of specific enforcement or to the extent permitted by Law as it finds appropriate under the circumstances existing at the time the application for that purpose is made”.
The defendant now moves the court for order resettling and modifying the judgment of divorce so as to include language providing that the separation agreement be incorporated by reference into the judgment of divorce and that the parties be *484 directed to comply with every legally enforceable term and provision thereof. She contends that the parties’ separation agreement clearly evinces the intent of the parties that the terms thereof be incorporated into a judgment of divorce, and that the absence of such language in the judgment was the result of an "oversight on the part of her former attorney”. Defendant advises the court that although she has heretofore obtained money judgments against plaintiff for arrears, he has "ignored” the judgments; she seeks to resettle the judgment of divorce so that she may seek enforcement of her right to alimony by an application to hold the plaintiff in contempt.
The plaintiff contends that defendant is estopped from seeking resettlement of the judgment of divorce because she failed to so move in the context of an 1984 modification proceeding in this court. By order to show cause dated June 3, 1984 the defendant sought various relief modifying the parties’ judgment of divorce and separation agreement. That application and a cross application by the plaintiff were settled pursuant to a stipulation placed on the record in open court on December 6, 1984 which resulted in the transfer of title of the former marital residence to the defendant. All other provisions of the separation agreement remained in full force and effect.
The plaintiff cross-moves for an order modifying the parties’ separation agreement and judgment of divorce on the basis of the substantial change in the parties’ financial circumstances and on the further basis that the defendant is residing with a male and holding herself out to be the wife of said male.
AMENDED JUDGMENT OF DIVORCE
At the time of the entry of the judgment of divorce herein, 1981, the Rules of the Appellate Division, Second Department (22 NYCRR former 699.9 [b] [1] [J 13]), did not permit separation agreements to be incorporated by reference into a judgment of divorce. The permissible language set forth in the approved forms for matrimonial judgments in effect in 1981 provided for the nonmerger and survival of a separation agreement and further provided for the retention of jurisdiction by the court for the purpose of specifically enforcing the agreement or making such further decree with respect to alimony as the court finds appropriate under the circumstances existing at the time the application for that purpose is made. This "Standard J 13” language was appropriately included in the judgment of divorce herein and language incor *485 porating the agreement by reference was appropriately omitted in compliance with the Second Department rules.
In 1981, 22 NYCRR former 699.9 (f) (4) provided that: "As a matter of policy, neither a property stipulation nor a separation agreement between the parties will be incorporated by reference in the judgment. * * * [B]lanket incorporation by reference will result in an unclear judgment if the wording of the stipulation or agreement is imprecise. It may also result in a judgment beyond the power of the court to make. * * * Note, however, that when paragraph J13 alone is used, enforcement by the contempt is not available, there being no mandate by the court that the agreement or stipulation be carried out by the parties. Therefore, the judgment may, if it is desired that contempt enforcement be available, include * * * the currently applicable requirement * * * of the stipulation or separation agreement covering alimony * * *. If such provisions are not included and there is a default, application can be made for modification of the judgment to set forth the then currently applicable requirements of the stipulation or agreement, but in such an event contempt would only be an available enforcement procedure as to a default occurring after the modification.”
22 NYCRR former 699.9 (f) (4) speaks only of the unavailability of enforcement by means of contempt and does not address the procedural requirements for postjudgment enforcement of the provisions of a stipulation or agreement by other statutory vehicles such as by entry of a money judgment for arrears.
Where the separation agreement was incorporated in the judgment of divorce, the courts of the Second Department did not require the institution of a separate plenary action to secure enforcement of the provisions of the agreement as long as the judgment of divorce recited the standard language in J 13 that the court retained jurisdiction to enforce the provisions of the agreement as are capable of specific enforcement. (Handel v Handel, 94 AD2d 696; Matter of Burdo v Burdo, 93 AD2d 922; Holliday v Holliday, 58 AD2d 619; Gilbert v Gilbert, 54 AD2d 752.)
In Baker v Baker (106 AD2d 483) the Appellate Division, Second Department, affirmed a trial court decision which granted a wife’s motion pursuant to Domestic Relations Law § 244 for leave to enter a money judgment for alimony arrears, despite the fact that the judgment contained no decretal *486 provision mandating payment of alimony. In its decision, the court affirmed on the basis that the parties’ separation agreement was "incorporated” and not merged into the judgment of divorce and the husband had defaulted in his obligation under the agreement. Although the court expressed that the agreement was incorporated into the judgment, the judgment did not use the word "incorporated” or the phrase "incorporated by reference”. The judgment recites only the "standard J 13” language which provides for the survival, nonmerger and continuing jurisdiction.
The Court of Appeals in Baker v Baker (66 NY2d 649), in 1985, reversed, explaining that the standard J 13 clause does not incorporate a stipulation or agreement by reference and contains no mandate that the agreement or stipulation be carried out by the parties. Absent such mandate, enforcement of the provisions of the agreement must be by plenary action.
In order to facilitate postjudgment enforcement of the obligations set forth at length, in separation agreements or stipulations, by motion practice, the court rules were changed to require that all judgments of divorce recite the language that a separation agreement or stipulation of settlement shall be "incorporated in [the] judgment by reference * * * and the parties * * * are directed to comply with every legally enforceable term and provision” thereof. (Uniform Rules for Trial Cts, 22 NYCRR 202.50 [b], and Appendix B [the Appellate Division, Second Department, rule 699.9 was repealed].) Further, effective July 25, 1988 Domestic Relations Law § 244 was amended to specifically permit an application by motion practice for a money judgment for arrears accrued under an agreement incorporated into a judgment of divorce. (CPLR 5241 was similarly amended to permit the levy of an income execution to enforce the financial obligations contained in an incorporated agreement.)
Amendment of the herein parties’ judgment of divorce to include the language in the current approved forms, to wit: that the agreement is incorporated by reference and the parties are directed to comply with all legally enforceable provisions thereof, will clearly enable defendant to seek post-judgment relief by means of motion practice rather than plenary action. The issue remains however as to whether or not said relief extends to contempt.
In Filippini v Filippini (104 AD2d 787) the Appellate Division, Second Department, clearly held that contempt will not *487 lie where an agreement is incorporated by reference into a judgment because there is no mandate that the terms of the agreement be carried out by the parties. (See also, Holliday v Holliday, supra; Kolmer v Kolmer, 13 Misc 2d 313, affd 6 AD2d 1001.) Are the additional words in a judgment of divorce to the effect that "the parties * * * are directed to comply with every legally enforceable term and provision” ■ of an incorporated agreement sufficient to form the basis for a contempt application upon a default in the terms of the agreement? An adjudication of contempt requires a finding that the defaulting party had knowledge of a clear and unequivocal order of a court (McCormick v Axelrod, 59 NY2d 574) and that the failure to abide by said order was willful in that it was calculated, or actually did defeat, impair, impede, or prejudice the rights or remedies of the other party. (Oppenheimer v Oscar Shoes, 111 AD2d 28; Ruggiero v Ruggiero, 100 AD2d 875.) The question remains whether all the terms and provisions of what is often a lengthy and complex incorporated agreement constitutes "a clear and unequivocal order of a court” and whether a particular party can be charged with actual knowledge and willful default when he or she violates the provisions of an incorporated agreement.
It is important to note that when amending Domestic Relations Law § 244 and CPLR 5241, the Legislature did not amend Domestic Relations Law § 245 so as to include contempt as an available remedy upon the default of payment of a sum of money required by an incorporated agreement. Despite the additional work to counsel and the court, where the remedy of contempt may be desired in the future, the wisest course is to set the particular obligation out at length in the judgment of divorce to make certain that the obligated party has knowledge of a clear and unequivocal court mandate. (See, Scheinkman, 1988 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 244, 1989 Pocket Part, at 123-124.)
The court finds that the clear and unambiguous language of the parties’ separation agreement dated June 12, 1979 evinces the parties’ intent that the provisions of the agreement relating to alimony were to be set forth in any subsequent judgment of divorce so as to create a judicial mandate with reference thereto. (See, Jensen v Jensen, 110 AD2d 679.) Amendment of a proposed judgment of divorce to include decretal provisions setting forth, at length, the terms and conditions of a stipulation or agreement, not set forth in the *488 original judgment is appropriate where such amendment will effectuate the original intent of the parties. (Filippini v Filippini, supra; Cohn v Cohn, 100 AD2d 528.)
The application by the defendant is therefore granted to the extent that the defendant is directed to submit an order modifying the parties’ judgment of divorce so as to (1) set forth at length all provisions of the separation agreement relating to alimony and (2) vacate the paragraph providing only for survival and concurrent jurisdiction and (3) insert a new paragraph providing for survival, concurrent jurisdiction and incorporation pursuant to the appropriate form set forth in Appendix B of the Uniform Rules for Trial Courts (22 NYCRR).
DOWNWARD MODIFICATION BASED ON CHANGED FINANCIAL CIRCUMSTANCES
On or about November 1988 the plaintiff, an attorney, moved this court, pro se, for an order reducing his obligation to pay alimony based on allegations of substantial changes in the parties’ respective financial circumstances. He again asks the court to entertain a similar application stating that his prior request was denied due to the fact that he represented his prayer for relief inadequately in his prior application. Plaintiff’s prior application was not denied because it was inartful, but was denied on the basis that the court lacks the authority to modify a contractual obligation to pay alimony contained in a preequitable distribution action governed by Domestic Relations Law § 236 (A). (Bowmer v Bowmer, 50 NY2d 288; King v Schultz, 29 NY2d 718; Schmelzel v Schmelzel, 287 NY 21; Goldman v Goldman, 282 NY 296.) As the original judgment of divorce contained no mandate requiring the payment of alimony, no relief could be afforded the plaintiff.
The amended judgment will however contain decretal provisions mandating the payment of alimony. While the court cannot impair defendant’s contractual rights, upon a showing of a substantial worsening of the plaintiff’s financial condition the court is empowered to modify the alimony provisions in the amended judgment (Domestic Relations Law § 236 [A]). Such a modification would not restrict defendant’s ability to obtain a money judgment by means of a plenary action on the contract but does serve to protect the plaintiff from the full panoply of enforcement devices, including contempt which *489 may be utilized to enforce a court order. (See, Buchman v Buchman, 61 AD2d 973.)
Plaintiff is a self-employed attorney. He asserts in his affidavit in support of his application for downward modification that his income has decreased from $52,592 in 1979 to $36,643 in 1988. It is clear however from his affidavit of net worth sworn to on August 22, 1989 that the plaintiff’s alleged worsened financial condition has not resulted in any reduction in plaintiff’s standard of living or life-style. He pays monthly mortgage expenses of over $1,400; he owns a 1987 Mercury automobile on which there is no lien; he spends $400 per month on dining out, movies and vacations and almost $200 per month on cigarettes, newspapers and gifts. He owns assets totaling over $100,000. While the payment to the defendant of maintenance in the sum of $473 per month may cause plaintiff to forego the enjoyment of certain luxuries, plaintiff has failed to allege a substantial change in his financial circumstances sufficient to create issues of material fact which would justify a hearing on his application for downward modification (see, Howard v Howard, 120 AD2d 567; Brod v Brod, 119 AD2d 618; Corcoran v Corcoran, 97 AD2d 947). (The court notes that plaintiff has asserted that defendant’s financial circumstances have substantially improved since 1979. The parties’ separation agreement however clearly provides that an improvement in the defendant’s financial circumstances shall not be a basis for a decrease in alimony.)
Plaintiff further moves this court for an order relieving him of his obligation to pay alimony on the grounds that defendant is living with an unrelated male and holding herself out as the wife of said male. Plaintiff alleges that upon information and belief defendant resides on a part- or full-time basis and holds herself out as the wife of an unrelated male; that she and said male traveled to France together for three weeks this summer and that defendant and said male have "been in residence together for a significant period of time”. Defendant admits vacationing with said male but strongly asserts that she resides in a one-bedroom apartment with the parties’ daughter and that no male has ever slept over even once. She denies ever having slept over at. the apartment of said male.
The Court of Appeals has made it clear in Matter of Bliss v Bliss (66 NY2d 382) that assertive conduct must be demonstrated to warrant a finding of "holding out” such as a telephone listing naming the defendant by the man’s surname, a joint bank account held by defendant using man’s *490 surname, or the signing of a lease, income tax forms, employment records or driver’s license using said man’s surname. It is clear that cohabitation alone is insufficient as a matter of law.
Plaintiffs allegations herein that defendant and a male reside together full or part time and took a vacation together fall short of raising an issue of material fact sufficient to justify a hearing on his application to be relieved of his obligation to pay alimony.
Plaintiff "begs the court, out of a sense of morality and equity” to modify or eliminate his obligation to pay alimony. The court is constrained however to apply the applicable law. (See, Matter of Bliss v Bliss, supra, at 389.) Further the plaintiff should understand that in this preequitable distribution divorce the defendant had and made no claim to marital assets under the plaintiff’s name or control such as his law practice and any tax-deferred asset. She bargained instead for alimony for her life or until her remarriage and her right to said alimony may not be extinguished on the basis that plaintiff now believes it is inequitable that he be obligated to continue to make payment to defendant eight years after the parties’ divorce.
The cross application by the plaintiff is, in all respects, denied.