SHEILA LEE, Respondent, v ROBERT JACOBS, Appellant. [638 NYS2d 778]

The Supreme Court properly granted the plaintiff summary

judgment on her cause of action for maintenance arrears due under the terms of the parties' October 1980 stipulation of settlement, which survived and was not merged in the judgment of divorce. Absent a showing of fraud, overreaching, mistake, or duress, a stipulation of settlement will not be disturbed (*see, Ruxton v Ruxton,* 181 AD2d 876; *see also, Christian v Christian,* 42 NY2d 63; *Middleton v Middleton,* 174 AD2d 655). Here the defendant failed to establish any such grounds for setting aside the terms of the stipulation, and his affirmative defenses were properly dismissed. The defendant's contention that an agreement to pay lifetime maintenance is unconscionable and against public policy is without merit. Moreover, assuming arguendo that the defendant was precluded from seeking a modification of his support obligation under Domestic Relations Law § 236 (B) (9) (b) because the stipulation was not incorporated into the parties' judgment of divorce, the defendant's remedy was to seek an amendment of the judgment (*see, Matter of Zamjohn v Zamjohn,* 158 AD2d 895, 896, n 2; *Rothstein v Rothstein,* 145 Misc 2d 481).

We conclude, however, that the court erred in granting the plaintiff summary judgment on the second and third causes of action in the complaint and directing the defendant to specifically perform the insurance provisions of the stipulation. The plaintiff only requested money damages in her complaint, and there is a triable issue of fact as to whether such damages would provide an adequate remedy. Balletta, J. P., O'Brien, Altman and Friedmann, JJ., concur.