OPINION OF THE COURT
Robert S. Rose, J.
In this disposed matrimonial action, the court issued a judg *889 ment of divorce based upon the parties’ in-court stipulation of settlement on October 16, 1992. In two places that judgment identified the stipulation as being that “which is annexed hereto and made a part hereof’, but the decretal ordering paragraph stated only that the stipulation “shall survive and not be merged in the judgment of divorce”. There was no incorporation provision, and the “annexed hereto and made a part hereof’ language clearly served only to identify the stipulation and make it an exhibit to the judgment rather than incorporate its terms by reference. Also, in denying defendant’s recent application to reform and enforce the stipulation in the matrimonial action, this court implicitly found that the stipulation had not been incorporated in the judgment.
Defendant now moves by order to show cause for amendment of the judgment to provide for incorporation of the stipulation on the grounds that such incorporation would be more practical, cost efficient and less time consuming than her commencement of a new plenary action as contemplated in the court’s denial of her prior motion. She also asserts that the judgment’s present references to the stipulation effectively constitute incorporation and that the imminent foreclosure of a mortgage on the former marital residence combined with the lack of a provision in either the judgment or the stipulation regarding division of the proceeds from the residence warrant amendment of the judgment and reformation of the stipulation.
In opposition, plaintiffs attorney notes that defendant cites no authority for her claim that the present language of the judgment constitutes incorporation, asserts that the stipulation cannot be enforced in this action because it was not incorporated, and argues that defendant is in effect asking the court to reconsider its ruling denying her prior application.
In reply, defendant contends that incorporation of the stipulation had been required by the Uniform Rules for Trial Courts (22 NYCRR part 202) and was omitted solely as the result of a mistake or oversight on the part of the court or plaintiffs attorney at the time the judgment was issued in 1992.
Several factors lead the court to reject defendant’s arguments. First, although she maintains that the stipulation was not incorporated solely because of a mistake or oversight, she offers no evidence that either party had intended for it to be incorporated or that plaintiffs attorney failed to request incorporation despite the parties’ desire for such relief.
Second, as to defendant’s reference to Uniform Rules for Trial Courts (22 NYCRR) § 202.50, the court agrees that at the *890 time the judgment here was signed and to this day, the appendix of approved forms cited in section 202.50 prescribes the language to be used when separation agreements and stipulations are incorporated in a judgment. However, section 202.50 (b) also states that the paragraphs of the approved forms, “modified or deleted as may be necessary to conform to the law and facts in a particular action, shall be used” in the preparation of the judgment.
In 1992 and every year thereafter, this court did not require use of the language prescribed by the approved forms in every case when the parties had entered a stipulation or separation agreement. Instead, as a matter of policy, the court issued judgments incorporating such agreements only where (1) incorporation had been requested, (2) the plaintiff had recited that the agreement was “fair and reasonable when entered and is not unconscionable now”, and (3) both parties had recently agreed in writing to the incorporation. In this case, there is no evidence that any of these three preconditions to incorporation were present in this action when the judgment was proposed in 1992.
The Rothstein v Rothstein case (145 Misc 2d 481), cited by defendant in arguing that the judgment should be amended to include incorporation, does use Uniform Rules for Trial Courts (22 NYCRR) § 202.50 and the language of the approved forms as grounds for amending an earlier judgment of divorce. However, the court in Rothstein, unlike this court, interpreted the approved forms as having mandated incorporation whenever there was a stipulation or separation agreement, and in that case, unlike here, there was evidence that incorporation had been intended by the parties. In fact, the language of the approved forms was changed in 1988, as described in the Roth-stein case, not to mandate incorporation, but only to insure effective incorporation in light of the holding by the Court of Appeals in Baker v Baker (66 NY2d 649) that the prior language of the approved forms was not effective to fully incorporate such an agreement. Taylor v Taylor (251 AD2d 175 [1st Dept 1998]), the other case cited by defendant, also is distinguishable since it dealt with a situation where the separation agreement actually had been incorporated in the judgment. Further, the case quotation stated in paragraph five of defendant’s reply affidavit as requiring incorporation is misidentified as coming from the Baker case. The quotation is from the Rothstein case and is subject to the same limitation described above. Moreover, the court can find *891 no reported case law authority which has agreed with the trial court’s reasoning in Rothstein and retroactively incorporated a separation agreement because it was mandated by the Uniform Rules for Trial Courts.
Here, the court cannot apply the reasoning employed in the Rothstein case (supra) because this court has never interpreted Uniform Rules for Trial Courts (22 NYCRR) § 202.50 and the approved forms as mandating incorporation whenever there is a stipulation or separation agreement, and the practice of this court to incorporate only when requested by the parties was known to the attorneys for plaintiff and defendant in this action in 1992. Thus, there is no basis to conclude that the lack of incorporation here was an oversight of either attorney or of the court, or that, in 1992, the parties had agreed to incorporation.
Third, it is significant that defendant does not assert that the parties’ stipulation was fair and reasonable in 1992 and is not unconscionable now, which remains a statutory requirement for incorporating agreements in a divorce judgment under section 236 (B) (3) of the Domestic Relations Law. Rather, defendant now finds the terms of the stipulation to be significantly wanting and in need of reformation.
Finally, since it appears that defendant seeks post hoc incorporation of the stipulation merely to save the additional time and expense of seeking to reform and enforce it in a plenary action, the court finds no compelling reason to amend a judgment which has been in effect for six years.
Accordingly, defendant’s application is denied.