■ In the Matter of ALAN NEWKIRK, Appellant, v MARY CHAFFIN, Respondent. [692 NYS2d 818] —Cardona, P. J. Appeal from a judgment of the Family Court of Montgomery County (Lee, H.E.), entered March 12, 1998, which granted respondent's cross application, in a proceeding pursuant to Family Court Act article 4, to find petitioner in violation of a prior order of spousal support.

Petitioner and respondent were married in 1972 and have three children. They divorced in 1981 and the judgment incorporated a stipulation providing, *inter alia*, that petitioner would pay respondent spousal support in the sum of $55 per week if employed and $15 per week if unemployed, as well as child support in the amount of $15 per week for each child. In July 1990, as a result of petitioner's failure to satisfy his support obligations, he was ordered to pay arrears. In June 1991, another order was entered which, *inter alia*, again directed petitioner to pay support arrears.

In March 1997, petitioner filed a petition for modification of the June 1991 order seeking to have his obligation to pay support for the youngest child terminated because the child resided with him. Respondent filed an answer and cross-petitioned for, *inter alia*, payment of spousal support arrears. At the hearing before the Hearing Examiner, respondent withdrew her opposition to the petition and agreed to the relief requested. With regard to the cross petition, respondent stipulated that no payments of spousal support had been made since April 1991. The Hearing Examiner issued a decision which, *inter alia*, terminated petitioner's child support obligation with respect to the parties' youngest child and directed petitioner to pay spousal support arrears in the amount of $18,170 and continue to make weekly spousal support payments as provided in the judgment of divorce. After an order was entered, petitioner filed objections claiming that the Hearing Examiner failed to take into consideration intervening orders terminating his obligation to pay spousal support and eliminating arrears. Family Court dismissed the objections and a judgment was entered.

Initially, we note that the arguments set forth in petitioner's appellate brief were not raised before the Hearing Examiner or Family Court and, consequently, they have not been preserved for our review (*see*, *Brown v Brown*, 226 AD2d 1010, 1011; *Gunzburg v Gunzburg*, 152 AD2d 537, 538). Nevertheless, even if we were to address them, we would find that they lack merit.

As to petitioner's contention that Family Court failed to make inquiry into his employment history, it is significant that petitioner did not argue that he had been unemployed at any time but rather stipulated to his nonpayment of spousal support since April 1991. Inasmuch as petitioner neglected to put the status of his employment before the court in response to the cross petition, he may not now claim that Family Court erred in failing to consider it.

We further disagree with petitioner's assertion that an award of spousal support which is of indefinite duration is against public policy. We note that petitioner stipulated to the inclusion of this provision in the judgment of divorce and has not demonstrated that he was induced by fraud, overreaching, mistake or duress in agreeing to it. Under these circumstances, we find no reason to set it aside (*see*, *Lee v Jacobs*, 225 AD2d 524, 525; *Nahlik v Nahlik*, 74 AD2d 709, 710).

Lastly, inasmuch as the Statute of Limitations applicable to the enforcement of spousal support under the circumstances herein is 20 years (*see*, CPLR 211 [e]), we reject petitioner's claim that the relief sought by respondent in the cross petition

is time barred. We have considered petitioner's remaining arguments, including his claim of waiver, and find them unpersuasive.

Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.