POWERS v. POWERS.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

DIVORCE—CUSTODY OF CHILDREN.

In divorce, the interlocutory judgment gave the husband exclusive custody of the children. Seven months later the wife failed to obtain their custody on habeas corpus before another judge, and on application for the final judgment before another judge the wife was denied leave to

see the children periodically. Eleven days later, before another judge, she obtained an order that she might see them and have their custody periodically. *Held*, that the latter order was erroneous.

Hooker and Rich, JJ., dissenting.

Appeal from Special Term, Kings County.

Suit by William F. Powers against Hortense Powers. From an order allowing defendant to see and have possession of her children periodically, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

Duncan Edwards, for appellant.
John K. Erskine, Jr., for respondent.

PER CURIAM. An interlocutory judgment of divorce was entered against the defendant on November 21, 1905, after a jury had found her guilty of adultery. The guilt of the defendant was gross. Such judgment gave the exclusive custody of the children to the husband. On May 14, 1906, the defendant tried before another judge to get custody of the children by means of the writ of habeas corpus, but failed after a hearing. On the application for the final judgment before another judge, the defendant applied to have leave put in the judgment for her to see the children periodically. After a full hearing this was denied, and final judgment entered on June 7, 1906. Eleven days later, on motion before another judge, an order was made that she might see them and have them in her custody periodically. This order must have been inadvertently granted, for the granting of it does not comport with the orderly administration of justice. The matter had been maturely passed upon too often and too recently to be upset as it was. The disturbance of the children in this way cannot be to their benefit and peace.

The order should be reversed, and the motion denied.

HOOKER and RICH, JJ., dissent.

Order reversed, with $10 costs and disbursements, and motion denied, with costs.