■ RICHARD BLOCK, Respondent, v. IRVING WEIDLER et al., Appellants, et al., Defendant.— In an action to recover damages for fraud and misrepresentation, defendants Weidler appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered April 21, 1966, as is in favor of plaintiff against them, upon a jury verdict. Judgment reversed insofar as appealed from, on the law, and new trial granted as between respondent and appellants, with appropriate severance of action directed, and with costs to abide the event. The findings of fact below have not been considered. Under the posture of the proof it was error to charge the jury that they could return a verdict granting partial recovery to plaintiff. If plaintiff were entitled to recover at all, he should have been awarded the damages actually sustained (*Ganz* v. *Hi-Line Co.*, 278 App. Div. 761). Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ FRANK A. COSENTINO, Respondent, v. ANGELINA C. COSENTINO, Appellant.— Order of the Supreme Court, Kings County, dated June 5, 1967, reversed, on the law, without costs, and motion remitted to said court (1) for a hearing on the issue as to whether defendant is entitled to visitation and (2) for a determination *de novo*. No questions of fact were considered on this appeal. In our opinion, defendant was entitled to a hearing on her motion to modify the divorce decree so as to provide her with visitation rights. Furthermore, that portion of the order which directed defendant not to communicate with the two children of the parties, absent a hearing, was an improvident exercise of discretion. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.