■ MAGDA KRESNICKA, Appellant, v OTOMAR KRESNICKA, Respondent. —In an action in which a judgment of the Supreme Court, Queens County, was entered, inter alia, granting plaintiff a divorce, she appeals from so much of an order of the same court, dated January 7, 1975, as (1) on defendant's motion amended and increased his visitation privileges and (2) denied her cross motion for various relief. Order modified by striking therefrom the second and third decretal paragraphs, which fix visitation, and defendant's motion remitted to Special Term for a hearing and a new determination in accordance herewith. As so modified, order affirmed insofar as appealed from, without costs. An order affecting visitation, like an order modifying custody, must be addressed solely to the infant's best interests (see Domestic Relations Law, § 240; People ex rel. BBB v CCC, 44 AD2d 617; Fernandez v Fernandez, 282 App Div 1043; People ex rel. Heller v Heller, 184 Misc 709). The issue of visitation, like that of custody, may not be determined on the basis of recriminatory and controverted affidavits, but only after a full and plenary hearing (Bowman v Bowman, 19 AD2d 857; see, also Fernandez v Fernandez, supra; Cosentino v Cosentino, 30 AD2d 554; People ex rel. Homnick v Homnick, 1 AD2d 1024). Upon the hearing directed herein to be held, the results of certain polygraph examinations voluntarily taken by the parties will not be admissible, since their use as evidence was never agreed to (Pereira v Pereira, 35 NY2d 301). Appellant's remaining contentions have been considered and have been found to be lacking in merit. Rabin, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.