■ JAMES HEELY, Respondent, v PATRICIA HEELY et al., Appellants.—In an action in which a judgment of the Supreme Court, Kings County, was entered, *inter alia,* granting plaintiff and defendant Patricia Heely a divorce, defendants appeal from an order of the same court, dated July 27, 1978, which, upon plaintiff's motion, "resettled and clarified" the judgment of divorce, by (1) amending and reducing defendant Heely's visitation privileges, and (2) amending a provision whereby plaintiff would be responsible for certain hospitalization expenses incurred by defendant Heely. Order modified, on the law, by (1) deleting therefrom the third and fourth decretal paragraphs of the "resettled and clarified" judgment of divorce and (2) deleting therefrom the eleventh decretal paragraph of the "resettled and clarified" judgment of divorce and substituting therefor a provision that in the event defendant Patricia Heely is committed to a mental institution by two duly certified psychiatrists, plaintiff shall then be liable for the expenses of her commitment, provided that notice of her pending commitment be given immediately to the plaintiff. As so modified, order affirmed, without costs or disbursements, and matter remanded to Special Term for a hearing on the issues of (1) the modification of defendant Heely's visitation privileges and (2) any further modification of the provision relating to plaintiff's responsibility for hospitalization costs incurred due to defendant Heely's commitment. Pending further order of Special Term, the parties are directed to comply with the visitation provisions in the original judgment. By judgment of the Supreme Court, Kings County, dated September 16, 1975,

plaintiff, James Heely, and defendant Patricia Heely were both granted a divorce. That judgment awarded temporary custody of the couple's son to plaintiff. Mrs. Heely was to have visitation on the first, second and fourth weekends of each month, as well as on certain other days. The judgment further provided as follows: "ORDERED, ADJUDGED AND DECREED, that the plaintiff will pay any hospitalization fees in the event that the defendant is committed to a psychiatric hospital by a duly certified psychiatrist; that the plaintiff's attorney shall receive a doctor's prescription of the defendant's need and a further copy furnished to this Court". By notice of motion dated September 28, 1977, plaintiff moved "for an Order modifying the provisions of [the divorce] judgment providing for alimony payments, payment of expenses for the future, if any, for hospitals and institutions to which the defendant, PATRICIA HEELY, may be confined, for psychiatric treatment, modifying the visitation by the defendant, PATRICIA HEELY, with the infant issue of the former marriage, and for such other and further relief as to the Court may seem just and proper." The motion was subsequently referred to Madam Justice Duberstein, who had presided over the matrimonial action. Counsel for the parties appeared in the Judge's chambers. During the ensuing conference, the Judge ruled on the issues raised by plaintiff's motion. Notwithstanding defendants' request for a hearing, none was held and no evidence was permitted to be given by the parties themselves. An order was entered incorporating the substance of the rulings made by the court in chambers. This order "resettled and clarified" the original judgment with regard to visitation. The amended judgment (1) reduced Mrs. Heely's weekend visitation from three weekends per month to two weekends per month, (2) added a provision that if the child were engaged in school-related athletic events on days when visitation was scheduled, specified days would be substituted, and (3) added a provision that on days when weekend visitation was scheduled, plaintiff was to bring the child from his home in New Jersey to a specified place in New York City, where Mrs. Heely would pick him up (Mrs. Heely was to return the child to New York City from her home in Garden City at the conclusion of visitation, there to be picked up by plaintiff). The judgment as "resettled and clarified", contained the following provisions concerning plaintiff's responsibility for Mrs. Heely's hospitalization expenses: "ORDERED, ADJUDGED AND DECREED, that in the event the defendant is in need of her mental condition and is committed to a mental institution after a full hearing and certified by two certified psychiatrists, at which hearing the plaintiff and his counsel shall be present, and for which plaintiff shall select his own certified psychiatrist, at plaintiff's own expense, plaintiff shall then be liable for the expense of her committment [sic]; provided too, that notice of her pending committment [sic] be given immediately to the plaintiff. That should it be determined after the said hearing that the defendant is not to be committed as insane the plaintiff shall not be held liable for any expense in connection therefor, and it is further ORDERED, ADJUDGED AND DECREED, that a hearing is to be held on motion to determine if the defendant was admitted or committed to the South Oaks Hospital for her last confinement; plaintiff's liability of expense therefor resting on committment [sic] only". Defendants, in their appeal, focus specifically on the above-stated provisions of the judgment as "resettled and clarified". In our view, Special Term erred in amending Mrs. Heely's visitation rights without first conducting a hearing. It is well settled in this Department that "The issue of visitation, like that of custody, may not be determined on the basis of recriminatory and controverted affidavits, but only after a full and plenary hearing" (Kresnicka v Kresnicka, 48 AD2d 929). While we do not

hold that the substance of the modifications was an abuse of the court's discretion, we are of the view that the parties themselves, as well as their 14-year-old son, should have been given the opportunity to present evidence on the issue of visitation. The testimony of the child would have been a particularly valuable aid to the court in determining his best interest, which is of course the paramount concern in a dispute over visitation (see *Kresnicka v Kresnicka, supra;* see, also, *Feldman v Feldman,* 58 AD2d 882). We are further of the view that the amendment of the provision regarding Mrs. Heely's hospitalization expenses without a hearing was in certain respects improper. The judgment as "resettled and clarified" requires a full commitment hearing, at which plaintiff shall be present with his own certified psychiatrist, before plaintiff will be deemed responsible for the expenses of Mrs. Heely's commitment. The original judgment did not require such a hearing and, plaintiff's position to the contrary notwithstanding, there is no evidence that the parties in fact contemplated such a hearing. This change is unquestionably one of substance. Accordingly, all references to a hearing as a condition precedent to plaintiff's liability for the costs of Mrs. Heely's commitment must be deleted from the judgment as "resettled and clarified". The new judgment also requires certification of mental illness by two certified psychiatrists, whereas the original judgment required such certification by only one certified psychiatrist. However, in view of the statement of defendants' counsel at oral argument that he had no objection to this modification, we see no reason to disturb it. Lastly, the provision of the judgment as "resettled and clarified" directing a hearing on the question of whether Mrs. Heely was "admitted" or "committed" to South Oaks Hospital during her most recent stay, does not in and of itself effect a change in the substance of the original judgment. This provision merely acknowledges a right which plaintiff possesses in any event, to wit, to contest his responsibility for certain of Mrs. Heely's hospitalization expenses. Accordingly, defendants have no just cause to complain of that provision. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.