■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MALLORY SMITH, Appellant, v HARVEY KUDLER et al., Respondents.—In a habeas corpus proceeding involving the custody of two children, the petitioner father appeals from a judgment of the Supreme Court, Queens County, entered February 15, 1979, which modified and increased the visitation granted to the respondents, grandparents of the children in question, in a prior judgment dated May 1, 1978. Judgment reversed, on the law, with $50 costs and disbursements, and the original visitation provisions are reinstated. In this custody proceeding between the petitioner, father of the two children involved, and the respondents, the parents of the mother, who is now dead, Special Term had previously awarded custody to the father but permitted visitation by the grandparents every other Sunday. That judgment was appealed from by the grandparents and affirmed by this court *(People ex rel. Smith v Kudler,* 66 AD2d 1035, mot for lv to app den 46 NY2d 709). The modification herein was made without a formal hearing. No sworn testimony was taken and no new findings of fact or conclusions of law were made. The parties were before the court on an application to punish the grandparents for contempt. There was no petition for modification of the visitation provisions of the judgment properly before the court at the time and no emergency requiring immediate removal of the children from the petitioner's home was shown. It is elementary that a judgment directing custody and visitation, recently entered by one Judge, should not be disturbed by another Judge of co-ordinate jurisdiction in the absence of a change in circumstances *(Powers v Powers,* 119 App Div 436; *Gould v Gould,* 261 App Div 904). The transcript of the proceedings shows that the court was aware of that rule when it modified the prior judgment but chose to proceed anyway. We hold this to be an improvident exercise of discretion. Even if a petition for modification had been before the court, it would have been error to modify the original visitation provisions without a hearing (cf. *Kresnicka v Kresnicka,* 48 AD2d 929). Suozzi, J. P., Cohalan, Margett and Martuscello, JJ., concur.