(June 27, 1980)

■ In the Matter of STEPHEN MULLINS, Appellant, v JUDITH MULLINS, Respondent.—In a habeas corpus proceeding to determine the custody of the parties' two children, the petitioner father appeals from a judgment of the Supreme Court, Suffolk County, entered December 28, 1979, which, after a hearing, *inter alia,* dismissed the writ. Judgment modified, on the law, without costs or disbursements, by striking therefrom the provisions relating to custody and visitation of the parties' infant son, and substituting therefor a provision awarding permanent custody of said son to the petitioner father, and matter is referred to the Family Court, Suffolk County, to determine the question of visitation. Appeal from the remainder of the judgment concerning custody of the infant daughter is held in abeyance pending the determination to be made by the Family Court, Suffolk County, following the change of custody hearing calendared for July 1, 1980. In the interim, visitation of the daughter is to continue in accordance with the

parties' separation agreement. With regard to the parties' infant son, the record makes clear that his best interests will be served by awarding permanent custody to his father. Our determination of the son's custody is based upon the record as a whole, including the testimony of expert witnesses, dependable objective criteria, and the pronounced desire of the child, clearly stated in word and deed. (See *Matter of Ebert v Ebert,* 38 NY2d 700; *People ex rel. Fields v Kaufmann,* 9 AD2d 375; *People ex rel. Heller v Heller,* 184 Misc 709.) With regard to the parties' infant daughter, a determination of permanent custody must await the hearing to be held in Family Court, at which time her best interests and the merits of the parents' serious and controverted allegations can be fully explored. (See *Kresnicka v Kresnicka,* 48 AD2d 929.) Damiani, J. P., Gibbons, Margett and Martuscello, JJ., concur.