■ CATHERINE MCKINLEY, Respondent, v ROBERT D. MCKINLEY, Appellant.—In a matrimonial action, the defendant husband appeals (1) from an order of the Supreme Court, Weschester County, entered April 11, 1980, which granted plaintiff's motion for a protective order vacating his notice that plaintiff, plaintiff's mother, and the infant child of the parties submit to a mental examination, and (2) as limited by his brief, from so much of a further order of the same court, entered August 7, 1980, as (a) denied the branch of his motion which sought to adjudge plaintiff in contempt of court and (b) modified, *sua sponte,* a prior order (dated Dec. 10, 1979) granting defendant certain visitation rights by reducing his visitation. Order entered April 11, 1980 affirmed, without costs or disbursements. Order entered August 7, 1980 modified by deleting so much thereof as modified the prior order and reduced defendant's visitation rights. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the question of visitation is referred to the trial court for determination. In view of the conflicting affidavits submitted at Special Term by the parties, it was error to have reduced defendant's visitation rights, as provided by a prior order of the court, without a hearing (see *Heely v Heely,* 69 AD2d 810; *Walsh v Walsh,* 64 AD2d 980; *Rimmeir v Merinoff,* 36 AD2d 972, app dsmd 29 NY2d 646; cf. *Matter of Ebert v Ebert,* 38 NY2d 700).

However, inasmuch as the court has been informed on argument of the appeal that the trial of the underlying action is imminent, the matter of visitation rights, in addition to custody, is referred to the trial court. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.