■ KATHLYN B. PICA, Appellant, v GABRIEL A. PICA, Respondent. — In an action in which the plaintiff wife was granted a judgment of divorce, she appeals from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), entered August 23, 1982, as denied her application for expanded

visitation rights with the parties' infant daughter, and for a money judgment of $300 representing the balance due to her doctor. Order reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, plaintiff's application granted insofar as it is for a money judgment of $300 representing the balance due to her doctor, and plaintiff's application, insofar as it is for expanded visitation rights, remitted to the Supreme Court, Suffolk County, for an evidentiary hearing consistent herewith. Special Term erred in denying that part of plaintiff's motion which was for expanded visitation rights without conducting a hearing on the matter. "The issue of visitation, like that of custody, may not be determined on the basis of recriminatory and controverted affidavits, but only after a full and plenary hearing." (*Kresnicka v Kresnicka,* 48 AD2d 929; *Heely v Heely,* 69 AD2d 810, 811.) The parties should be given the opportunity to present evidence on the issue of visitation to aid the court in determining the "best interest" of the child, "which is of course the paramount concern in a dispute over visitation" (*Heely v Heely, supra,* p 812). Moreover, Special Term's denial of that part of plaintiff's motion requesting a judgment against defendant for $300 was error. "When the terms of a written contract are clear and unambiguous the intent of the parties must be found therein. The courts will not imply a term which the parties themselves failed to insert" (*Mitchell v Mitchell,* 82 AD2d 849). The written stipulation between the parties hereto specifically obligates defendant to pay plaintiff's doctor and does not condition his liability on plaintiff's filing of a claim with defendant's medical carrier. Thus, plaintiff should have been granted judgment against defendant for the outstanding balance due to plaintiff's doctor which defendant's carrier did not pay. Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.