■ CAROL E. SILVER, Also Known as CAROL E. RUDMAN, Appellant, v RICHARD SILVER, Respondent. — In a matrimonial action, plaintiff wife appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated November 10, 1982, which granted defendant husband's motion to modify the visitation provisions of a judgment of divorce to eliminate plaintiff's visitation with the parties' son to the extent of reducing her visitation rights and denied plaintiff's cross motion to vacate the defendant's motion. ¶ Order affirmed, with costs. ¶ The order appealed from allows the plaintiff to visit with her son after submission to the court of proposed visitation dates and only with strict supervision. The record before us supports Special Term's finding to the effect that plaintiff's exercise of her right of visitation with the parties' son, Matthew, would not be detrimental to the welfare of the child. Therefore, plaintiff should be allowed visitation with the child and it was proper to deny the defendant's motion insofar as it sought to eliminate all visitation. Although finding the plaintiff should be allowed visitation with Matthew, Special Term ordered that plaintiff's visitation be exercised in New York under supervised conditions for the reason that she had previously fled the jurisdiction with the marital issue and had disregarded prior judicial decrees. The plaintiff's past history amply supports the conclusion that plaintiff will likely abscond with the child if permitted unfettered access. Moreover, the protracted record and extensive litigation in this case render a further hearing unnecessary (cf. *McKinley v McKinley,* 79 AD2d 603; *Heely v Heely,* 69 AD2d 810). Consequently, Special Term did not err in imposing a requirement that the visitation be supervised. ¶ There is no merit to plaintiff's contention that Special Term should have declined to exercise its jurisdiction to modify the judgment of divorce. Matthew lived in New York until he was wrongfully taken to Arizona in June, 1979. He remained in Arizona until October, 1981 at which time he returned to New York to reside with the defendant. Hence, New York is Matthew's "home state" under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, § 75-c, subd 5). That being so, Special Term was

empowered to make a custody determination herein (Domestic Relations Law, § 75-d, subd 1, par [a], cl [i]). ¶ Notwithstanding the foregoing, plaintiff claims that New York should have declined jurisdiction over this proceeding because (1) Arizona had retained jurisdiction over the controversy and (2) New York was an inconvenient forum. Plaintiff's claim that Arizona courts had retained jurisdiction over the controversy is simply incorrect. While it is true that several actions were initiated in Arizona before the subject motions were made, in none of those actions did the Arizona courts state a willingness to exercise jurisdiction. As a matter of fact, the record reveals that the Arizona Court of Appeals ruled that "the Supreme Court in and for the County of Nassau, State of New York, is a more appropriate forum for determination of the merits of the petitioner's [plaintiff herein] petition to modify custody". Accordingly, the provisions of section 75-g of the Domestic Relations Law requiring a New York court to defer adjudicating a dispute when a foreign court is exercising jurisdiction substantially in conformity with the Uniform Child Custody Jurisdiction Act did not come into play (cf. *Vanneck v Vanneck*, 49 NY2d 602). Nor is the doctrine of *forum non conveniens* as codified in section 75-h of the Domestic Relations Law applicable to this case. Although plaintiff and Matthew's two sisters continue to reside in Arizona, this is Matthew's home State, New York has a "closer connection" with Matthew and his father and substantial evidence concerning Matthew's "present or future care, protection, training and personal relationships" is available here (Domestic Relations Law, § 75-h, subd 3, pars [a], [b], [c]). ¶ We have considered plaintiff's other contentions and find them to be lacking in merit. Bracken, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.