■ MARVIN GELLMAN, Appellant, v SUSAN G. KAY, Respondent. — In a proceeding to enforce visitation rights, petitioner appeals from an order of the Family Court, Rockland County (Stanger, J.), dated July 2, 1984, which pursuant to section 75-h of the Domestic Relations Law directed that the proceeding be transferred to the Juvenile and Domestic Relations Court of Essex County, State of New Jersey.

Order affirmed, without costs or disbursements.

Pursuant to a motion by the respondent wife, the Family Court, upon a review of the parties' motion papers, concluded that the best interests of the parties' children would be served by transferring the instant proceeding, as well as a companion support proceeding, to the jurisdiction of an appropriate court in the State of New Jersey, where the children have been living for the past four years (Domestic Relations Law, § 75-h). On appeal, the petitioner husband argues that under section 75-e of the Domestic Relations Law, the Family Court was required to hold a full evidentiary hearing before deciding whether to transfer the venue of the proceeding to another State. We disagree.

Section 75-e of the Domestic Relations Law provides that "[b]efore making a decree under this article, reasonable notice and opportunity to be heard shall be given to the contestants". The section does not require an evidentiary hearing but rather provides that the parties have an "opportunity to be heard". We find that this requirement is satisfied by permitting the parties to submit any relevant proof to the court in support of and in opposition to a motion to transfer venue. On this point, the petitioner's reliance upon this court's decisions in *Pica v Pica* (96 AD2d 836), *Kresnicka v Kresnicka* (48 AD2d 929) and *Heely v Heely* (69 AD2d 810) to support his position that a full hearing is required is misplaced. In *Pica* (*supra,* p 837, citing *Kresnicka v Kresnicka, supra,* and *Heely v Heely, supra*) this court stated, " '[t]he issue of visitation, like that of custody, may not be determined on the basis of recriminatory and controverted affidavits, but only after a full and plenary hearing' * * * The parties should be given the opportunity to present evidence on the issue of visitation to aid the court in determining the 'best interest' of the child, which is of course the paramount concern in a dispute over visitation". The *Pica* case, like *Kresnicka* (*supra*), and *Heely* (*supra*), is clearly distinguishable since therein the court was dealing with the merits of the visitation proceeding. In the instant case, the transfer of venue motion pursuant to section 75-h of the Domestic Relations Law does not involve the merits of the proceeding but merely presents a procedural jurisdictional question.

Moreover, to the extent that subdivision 3 of section 75-h of the Domestic Relations Law requires the court to consider a number of factors in deciding whether to allow another state to assume jurisdiction over the proceeding, these factors can adequately be addressed in the parties' motion papers. Of course, in cases where the relevant facts are contested by the parties, the court would be well advised to conduct a full evidentiary hearing. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.