■ THOMAS C. SHEA, Appellant, v KATHLEEN A. McFADDEN, Respondent.—In a matrimonial action in which the parties were divorced by judgment entered June 7, 1983, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (Hurley, J.), dated February 25, 1988, which denied his motion to enjoin the defendant wife from interfering with his visitation rights.

Ordered that the order is affirmed, with costs.

The judgment of divorce and related amended separation agreement provide, inter alia, that the defendant mother is the custodial parent, and the plaintiff father shall have visitation for particular hours on particular holidays as well as alternative school recesses, while the defendant mother re-

tains custody on other specified holidays. The plaintiff father contends that if the children are scheduled to spend a school recess with him, and a holiday for which defendant mother is entitled to retain custody occurs, the mother's custody should be limited to the visitation hours normally applicable to the plaintiff father. We do not agree. The amended separation agreement does not so provide. It merely indicates that the mother retains custody on such holidays and the father is entitled to "make up visitation" for those occasions. In addition, contrary to the plaintiff's assertion, a reasonable reading of the amended separation agreement indicates that the plaintiff is not entitled to "make up visitation" that he is unable to exercise due to his own schedule.

The plaintiff is incorrect in his assertion that it was error for the Supreme Court to deny his motion without a full plenary hearing to determine the best interest of the child. While it is true that a motion to alter visitation rights requires such a hearing (see, Pica v Pica, 96 AD2d 836, 837; Heely v Heely, 69 AD2d 810, 811-812), it is not required where the motion is to enforce existing visitation rights because a determination as to the best interest of the child has already been made.

Upon the record before us there is no basis to disturb the Supreme Court's determination that neither an injunction nor other relief is warranted. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.