■ In the Matter of Helen Nakis-Batos, Appellant, v Danielle Nakis, Respondent. [594 NYS2d 59] —In a proceeding, *inter alia,* to hold the mother in contempt of an order of the Family Court, Queens County, entered September 13, 1989, granting the paternal grandmother visitation with her child, the paternal grandmother appeals from an order of the Family Court, Queens County (De Phillips, J.), dated September 7, 1990, which, after a hearing, reduced her visitation rights from alternate Sundays to one Sunday per month.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for an evidentiary hearing to determine whether the mother should be punished for contempt; and it is further,

Ordered that an order of the same court entered September 13, 1989, which authorized visitation on alternate Sundays is reinstated.

The parties were before the court on an application to punish the mother for contempt. The court committed error in

determining the issue of contempt without permitting the paternal grandmother's attorney to cross-examine the mother.

Additionally, there was no petition for modification of the visitation provisions of the prior order properly before the court. Nevertheless, the Family Court reduced the paternal grandmother's visitation rights. Even if a petition for modification had been before the court, it would have been error to modify the original visitation provisions without a hearing (see, People ex rel. Smith v Kudler, 71 AD2d 634).

The mother can bring a petition requesting modification of the paternal grandmother's visitation and to determine what, if any, visitation arrangements with the grandmother will best serve the interests of the child. Bracken, J. P., Miller, Copertino and Pizzuto, JJ., concur.