■ HARRY G. CARROLL, Respondent-Appellant, v EVA S. CARROLL, Appellant-Respondent. [663 NYS2d 667] —In a matrimonial action in which the parties were divorced by judgment entered June 26, 1995, the defendant mother appeals, (1) as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Floyd, J.), dated June 5, 1996, which, upon the granting of the plaintiff father's motion, among other things, for custody of the parties' two minor children, *inter alia*, awarded "residential" custody of the parties' children to the plaintiff husband and, in effect, denied her application to relocate with the children to New Mexico, and (2) from an order of the same court, dated July 29, 1996, which, *inter alia*, modified the previous order by awarding exclusive custody of the children to the plaintiff father and directing that the defendant mother's visitation with the children take place in Suffolk County and be supervised. The plaintiff father cross-appeals,

as limited by his brief, from so much of the order dated June 5, 1996, as, in effect, denied that branch of his motion which was for attorney's fees pursuant to the terms of a stipulation of settlement between the parties which was incorporated but not merged into the judgment of divorce.

Ordered that the orders are affirmed, without costs or disbursements.

The record reveals that the defendant mother persistently interfered with the plaintiff father's visitation rights in violation of both the stipulation of settlement and directives from the court. This interference culminated in an unauthorized move of the parties' children to New Mexico. In view of the totality of the circumstances, the court's determination that it was in the best interests of the children to grant exclusive custody to the plaintiff father has a sound and substantial basis in the record and is not contrary to the weight of the credible evidence (*see, Eschbach v Eschbach*, 56 NY2d 167; *Friederwitzer v Friederwitzer*, 55 NY2d 89; *Young v Young*, 212 AD2d 114; *Maloney v Maloney*, 208 AD2d 603; *Matter of Sullivan v Sullivan*, 190 AD2d 852). Further, in light of the above facts, the court did not improvidently exercise its discretion in ordering that the defendant mother's visitation with the children take place in Suffolk County and be supervised (*see, Silver v Silver*, 100 AD2d 543).

Finally, the court did not err in denying the plaintiff father's application for attorney's fees pursuant to the stipulation of settlement between the parties. Under the terms of the stipulation, a party who "defaulted in the performance of the terms or provisions" of the stipulation would be liable to the other party for attorney's fees incurred in enforcing performance. However, a condition precedent to seeking attorney's fees was the service of a 15-day notice of default. Here, there is no proof that this condition precedent was complied with.

The defendant mother's remaining contentions are without merit or academic in light of our determination. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.