■ SARI KOSHETZ, Respondent, v MICHAEL LAMBERTI, Appellant. [693 NYS2d 610] —In an action to enforce a stipulation of settlement dated February 28, 1994, concerning child custody, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), dated February 20, 1998, as denied that branch of his motion which was to enforce the stipulation of settlement and granted that branch of the cross motion of the mother, which, in effect, sought a direction that all outstanding issues regarding custody and visitation be resolved in the courts of Florida.

Ordered that the order is modified by adding thereto a provision that pending a determination by the Florida courts, the custody and visitation provisions of the stipulation of settlement dated February 28, 1994, shall remain in full force and effect except that the defendant will have weekend visitation every other month, on holidays, and for six weeks in the summer; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The provisions of the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA), as codified in Domestic Relations Law article 5-A, establish the predicates for subject matter jurisdiction in custody disputes (*see, Gomez v Gomez,* 86 AD2d 594, 595, *affd* 56 NY2d 746). As subject matter relates to the competence of a court to hear a matter, the requirements of UCCJA cannot be waived by the parties by agreement (*Gomez v Gomez, supra; Steinman v Steinman,* 80 AD2d 892; *see also,* CPLR 3211 [e]). Thus, the provision in the parties' stipulation requiring New York to retain jurisdiction notwithstanding the parties' rights under the UCCJA cannot be enforced and will be void unless one of the four bases for jurisdiction under the UCCJA pursuant to Domestic Relations Law § 75-d (1) is met.

Under the facts of this case, none of the requirements of Domestic Relations Law § 75-d (1) has been met. Thus, the Supreme Court properly declined to exercise jurisdiction and Ordered that all outstanding issues relating to child custody be resolved in the courts of Florida.

The court erred in reducing the father's visitation rights, as provided by the stipulation of settlement dated February 28, 1994, without a hearing (*see, Matter of Nakis-Batos v Nakis,* 191 AD2d 443; *McKinley v McKinley,* 79 AD2d 603). Accordingly, we have reinstated the custody and visitation provisions of the stipulation of settlement pending the outcome of the matter in the Florida courts and as mutually modified by the parties, as represented to this Court by the attorneys for both sides at the oral argument of this appeal (*see, Matter of Estrada v Estrada,* 154 AD2d 376; *Filippini v Filippini,* 104 AD2d 787; *McKinley v McKinley, supra*).

The father's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.