■ BRUCE S. KLUTCHKO, Appellant, v MARCY R. BARON, Respondent. [754 NYS2d 357] —In an action for a divorce and ancillary relief, the plaintiff husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered January 24, 2002, as granted the defendant wife's cross motion for partial summary judgment dismissing his application for a downward modification of pendente lite child support and maintenance, (2), as limited by his brief, from so much of a judgment of the same court dated January 22, 2002, as is in favor of the wife and against him in the sum of $391,000, representing arrears in

maintenance and child support from December 1, 1997, through May 15, 2001, (3), as limited by his brief, from so much of an interlocutory judgment of the same court dated January 22, 2002, as barred him from seeking equitable distribution of the wife's law license, declared that the law license had no value, and granted the divorce without prejudice to any equitable distribution of his medical license, (4) from an order of the same court dated January 17, 2002, entered on consent, appointing a forensic evaluator with the parties each to bear one half of the evaluator's advance fee, (5) from an order of the same court, entered February 8, 2001, which granted, inter alia, that branch of the wife's motion which was to hold him in contempt for his failure to pay pendente lite child support and other expenses and obligations to the extent of deferring the application to the time of trial, (6), as limited by his brief, from so much of an order of the same court, also entered February 8, 2001, as precluded him from offering any evidence at trial relevant to his application for a downward modification of the existing pendente lite order, barred further depositions of the wife, and deemed discovery complete, (7) from an order of the same court, also entered February 8, 2001, which denied as academic the wife's motion to appoint a special referee to oversee remaining depositions and related evidentiary matters, (8) from an order of the same court, also entered February 8, 2001, which denied his motion to stay enforcement of two income executions to enforce a judgment in the sum of $47,700 representing arrears in pendente lite child support and maintenance, (9) from an order of the same court, also entered February 8, 2001, which denied his motion to hold the wife's counsel in contempt and for summary judgment to vacate a judgment of the same court, dated October 17, 1995, arising from pendente lite arrears, (10) from an order of the same court, also entered February 8, 2001, which denied as academic his motion for supervision of disclosure, production of documents previously directed, and restraint of the wife from withdrawing retirement funds, and denied the wife's cross motion for the imposition of sanctions against him, and (11), as limited by his brief, so much of an order of the same court entered March 11, 2002, as granted the wife's motion for suspension of visitation and contact with the infant child, directing each party to pay $1,500 to the Law Guardian as a retainer and $5,000 to the forensic evaluator as a retainer, and provided that if he fails to pay, sole custody of the parties' infant child shall remain with the wife, and denied his cross motion to discharge the Law Guardian and for custody of the parties' infant child.

Ordered that the appeal from the order dated January 17, 2002, is dismissed, as no appeal lies from an order entered on the consent of the parties (*see Matter of Brouwer v Pacicca,* 291 AD2d 448); and it is further,

Ordered that the appeal from the order entered February 8, 2001, which, inter alia, granted that branch of the wife's motion which was to hold the husband in contempt for his failure to pay pendente lite child support and other expenses and obligations to the extent of deferring the application to the time of trial is dismissed as abandoned (*see* 22 NYCRR 670.8 [a]); and it is further,

Ordered that the appeal from the order entered February 8, 2001, which denied as academic the wife's motion to appoint a special referee to oversee the remaining depositions and related evidentiary matters is dismissed, as the husband is not aggrieved by this order (*see* CPLR 5511); and it is further,

Ordered that the appeal from the order entered February 8, 2001, which denied the husband's motion for a stay of enforcement of two income executions is dismissed as abandoned (*see* 22 NYCRR 670.8 [a]); and it is further,

Ordered that the appeal from the order entered February 8, 2001, which denied the husband's motion to hold the wife's counsel in contempt and for summary judgment to vacate the judgment dated October 17, 1995, arising from pendente lite arrears is dismissed as abandoned (*see* 22 NYCRR 670.8 [a]); and it is further,

Ordered that the appeal from so much of the order entered February 8, 2001, as denied the wife's cross motion for the imposition of sanctions against the husband is dismissed on the ground that the husband is not aggrieved by that portion of the order (*see* CPLR 5511), and the appeal from the remaining portion of the order is dismissed as abandoned (*see* 22 NYCRR 670.8 [a]); and it is further,

Ordered that the order entered January 24, 2002, is reversed insofar as appealed from, on the law, the wife's cross motion for partial summary judgment dismissing the husband's application for a downward modification of pendente lite child support and maintenance is denied, the husband's application is reinstated and is referred to the Trial Judge for determination on the merits; and it is further,

Ordered that the judgment dated January 22, 2002, is reversed insofar as appealed from, on the law, so much of the judgment as is in favor of the wife and against the husband in the sum of $391,000 is vacated, and the issue of the sum of the

husband's arrears in maintenance and child support is referred to the Trial Judge for determination; and it is further,

Ordered that the interlocutory judgment dated January 22, 2002, is modified, by deleting the provision thereof barring the husband from seeking equitable distribution of the wife's law license and declaring that it had no value, and the issue of the value of the wife's law license is referred to the Trial Judge as part of the determination of equitable distribution; as so modified, the interlocutory judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order entered February 8, 2001, which, inter alia, precluded the husband from offering evidence at trial relating to his application for downward modification of pendente lite child support and maintenance is reversed insofar as appealed from, that branch of the wife's motion which was to bar further depositions of her is denied, the provisions of the order precluding the husband from offering evidence at trial relating to his application for downward modification and deeming discovery complete are vacated, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an order scheduling the completion of disclosure; and it is further,

Ordered that the order entered March 11, 2002, is modified, (1) by deleting the provision thereof granting that branch of the wife's motion for suspension of the husband's visitation and contact with the parties' infant child, and substituting therefor a provision referring that branch of the wife's motion for a hearing as hereinafter directed, and (2) by deleting the provisions thereof directing each party to pay the sum of $5,000 to the forensic evaluator and ordering that if the husband fails to pay, sole custody of the parties' infant child shall remain with the wife; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that within seven days after service by the husband upon the wife of a copy of this decision and order, the parties shall arrange for a forensic evaluation of the parties and the infant child with the Westchester County Department of Probation/Family Unit; and it is further,

Ordered that within 10 days after receipt of the report of the forensic evaluator, the Supreme Court, Westchester County, shall hold a hearing to determine (1) the truth of the allegations contained in the wife's application to suspend visitation and contact between the husband and the parties' infant child, and (2) the child's best interests, and the custody and visitation provisions which will best serve those interests; and it is further,

Ordered that pending the forensic evaluation, hearing, and determination, visitation is reinstated forthwith between the husband and the parties' infant child as follows: alternate weekends, Saturday and Sunday, 10:00 A.M. to 6:00 P.M. each day, the husband to pick up and return the child to the wife's residence, and every Wednesday evening, from 5:00 P.M. to 8:00 P.M.; and it is further,

Ordered that one bill of costs is awarded to the husband.

The Supreme Court erred in deeming disclosure completed, precluding the husband from offering evidence at trial relevant to his motion for a downward modification of pendente lite child support and maintenance, previously referred to the Trial Judge by a justice of coordinate jurisdiction, and preventing the husband from obtaining any further disclosure. The imposition of such penalties was improvident as there is no showing that the husband's failure to supply a stenographer at the wife's continued deposition was wilful, deliberate, contumacious, or due to bad faith (*see Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438; *Gorokhova v Belulovich*, 267 AD2d 202, 203). The husband's failure to appear before the Special Referee with the nonparty witnesses was excusable, since it is undisputed that the Special Referee was appointed for the limited purpose of supervising disclosure only from the parties. The monetary sanctions imposed were sufficient penalties for the husband's disclosure derelictions.

Accordingly, we are vacating all provisions of the various orders appealed from that interfere with the application, previously referred to the trial court, for downward modification of pendente lite child support and maintenance, as well as so much of the judgment dated January 22, 2002, as fixed arrears under the original pendente lite order for a period subsequent to the order of Justice Nicolai dated October 5, 1995, referring the application for downward modification to the trial court. We do not disturb the October 17, 1995, judgment for arrears predating the husband's application for downward modification. Furthermore, we are reviving the rights of the parties to complete disclosure. Therefore, we remit the matter to the Supreme Court, Westchester County, to fashion a scheduling order.

The Supreme Court erred in suspending all visitation and telephone contact between the husband and the parties' infant child based upon the husband's failure to pay his share of the fees of the forensic evaluator and law guardian. The Supreme Court disregarded what should have been its first concern, "the welfare and the interests of the [child]" (*Matter of Lincoln v*

*Lincoln,* 24 NY2d 270, 272). "[A] noncustodial parent should have reasonable rights of visitation, and * * * the denial of those rights is so drastic it must be based upon substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Eric L. v Dorothy L.,* 130 AD2d 660, 660-661; *see Matter of Hughes v Wiegman,* 150 AD2d 449; *Janousek v Janousek,* 108 AD2d 782, 784). The wife's allegations here should not have resulted in the suspension of the husband's visitation without a forensic evaluation followed by a hearing addressing, inter alia, the child's best interests (*see Matter of Bradley v Wright,* 260 AD2d 477; *Pica v Pica,* 96 AD2d 836, 837; *Kresnicka v Kresnicka,* 48 AD2d 929).

In aid of such a hearing, as the Supreme Court recognized in appointing Dr. Herman, a forensic evaluation of the parties and their child is necessary (*see Stern v Stern,* 225 AD2d 540, 541). However, it was error for the Supreme Court to require the husband, who is in bankruptcy, to pay one-half of the fees and expenses of the forensic evaluator without first considering his "financial status" (Domestic Relations Law § 237 [d] [4]). Because the husband proclaims an inability to pay his share of the fees of this forensic evaluator, there has been a protracted impasse in obtaining an evaluation in aid of a custody and visitation determination. This impasse is contrary to the best interests of the child. Therefore, within seven days after service by the husband upon the wife of a copy of this decision and order, the parties shall arrange for a forensic evaluation of the parties and the infant child with the Westchester County Department of Probation/Family Unit. Such an evaluation by the Westchester County Department of Probation/Family Unit was directed years ago by order of Justice Scarpino dated June 14, 1995. While the forensic evaluation and hearing are progressing, we are directing the restoration of limited visitation between the husband and the infant child on alternate weekends, Saturday and Sunday from 10:00 A.M. to 6:00 P.M. each day, and from 5:00 P.M. to 8:00 P.M. every Wednesday evening.

Moreover, the Supreme Court improvidently precluded the husband from proving the value of the wife's law license because he failed to serve expert notice (*see* CPLR 3101 [d]), and erred in opining that the license had no value because the wife had not practiced law in a number of years. This treatment was inconsistent with the way in which the Supreme Court treated the wife's expert and the inclusion of the husband's now-suspended medical license for equitable distribution. It also conflicted with the statute, which would

include the wife's law license for purposes of equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c]; [5]; *O'Brien v O'Brien,* 66 NY2d 576, 584; *Finocchio v Finocchio,* 162 AD2d 1044, 1045).

Accordingly, we remit the matter to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The husband's remaining contentions do not require further relief. Santucci, J.P., Krausman, Adams and Crane, JJ., concur. [As amended by unpublished order entered May 13, 2003.]