Matter of Caroline B. v Thomas A.B. (2007 NY Slip Op 51600(U))

[*1]

Matter of Caroline B. v Thomas A.B.

2007 NY Slip Op 51600(U) [16 Misc 3d 1128(A)]

Decided on June 13, 2007

Family Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2007

Family Court, Nassau County
In the Matter of a proceeding for Custody under Article 6 of the Family Court Act, Caroline B., Petitioner,
against
Thomas A.B., Respondent.
V-0000-00

Petitioner is represented by Wisselman Harounian & Associates P.C. Respondent is currently represented by Lang, Berman & Lebit, P.C. Mitra Zervos, Esq. was appointed law guardian for the child.

Conrad D. Singer, J.
This proceeding was commenced by Order to Show Cause brought by respondent seeking to have petitioner held in contempt for alleged violations of the parties Final Order of Custody and Visitation ("the custody order") dated January 30, 2007 pursuant to Domestic Relations Law (DRL) section 245 and Judicial Law section 753; for counsel fees pursuant to DRL 237 and Judiciary Law section 773; and for this Court to vacate the Final Order of Custody and Visitation dated January 30, 2007 pursuant to CPLR §5015(a)(4) under the theory that this Court lacked subject matter jurisdiction to issue the order. The petitioner and the Law Guardian oppose the application in its entirety. The petitioner had previously filed a petition dated March 22, 2007 to modify the custody order.
On January 19, 2007, the parties herein entered into a comprehensive agreement in court regarding custody and visitation of Rose, the one issue of their marriage. The order contains a provision for joint legal custody as well as a number of specifics for parenting time. The order was reduced to a written order, submitted to the court and was signed by this Court on January 30, 2007. Less than two months later petitioner filed a petition to modify that order. About one month after that, respondent brought his application for contempt and to vacate the order.
[*2]
CONTEMPT AND COUNSEL FEES
According to respondent's Order to Show Cause, he is seeking contempt pursuant to DRL §245 and Judiciary Law §753. It is questionable whether respondent's allegations, if true, rise to the level of contempt, particularly when considering the wording of the parties' consent order concerning the supervised visitation. However, the court will not reach that decision at this time. A reading of the statute sections cited by respondent (DRL §245 and Judiciary Law §753) indicates they deal with a party's failure to pay support or other sums of money in a divorce or separation proceeding. There is nothing in either statute allowing for a finding of contempt based upon interference with visitation. Accordingly, the request for a finding of contempt and remedies thereunder is denied.
In light of the lack of a cause of action for contempt, the court is also denying the request for counsel fees pursuant to DRL §237 and Judiciary Law §773.
SUBJECT MATTER JURISDICTION
Respondent prays of this Court to vacate the order of January 30, 2007 on the grounds that
the court was without subject matter jurisdiction to rule on the matter. At the time of the original custody application by petitioner in August, 2006, petitioner claimed she and the child had been residents of New York for at least six months, making New York the child's home state under DRL §75-a(7) and thereby conferring jurisdiction on New York to hear the custody matter pursuant to DRL §76(1)(a). The respondent, by counsel, initially challenged this claim and the court initiated procedures to resolve the issue with a Connecticut State court. However, over a period of a few court dates from November 2006 through January 2007, respondent eventually dropped his opposition and entered into the custody order on consent. He now claims he was coerced to do so.
Respondent rightly points out that a lack of subject matter jurisdiction cannot be waived. See Koshetz v. Lamberti, 262 AD2d 611 (2d Dept. 1999). However, the question is more complicated in this matter. In her petition, petitioner claimed New York was the home state and that she had lived here for six months prior to filing her petition. This Court finds that once respondent consented to a final order of custody being issued by this Court, he then, in effect, consented to a finding by this Court that petitioner had indeed lived in New York for six months prior to the filing of the petition. The respondent did not, and has not, consented to subject matter jurisdiction. What he did do is fail to challenge petitioner's claim that New York was the home state and that she and the child had established a residence here six months prior to the filing of the petition, despite having numerous opportunities to do so. At that point, respondent consented to this Court finding New York was the home state based upon petitioner having established a residence here six months prior to the filing of the petition. This finding was made, de facto, upon the parties consenting to, and the court signing, the custody order. By consenting to petitioner's claim that New York was the home state, New York was then able to assert subject matter jurisdiction over the case and make a custody determination. Whatever his objections to the custody order are, respondent may not now attempt to remedy them by trying to withdraw his consent to the home state designation after the fact.
ORDERED, that the portion of respondent's motion seeking to have petitioner held in contempt is denied and it is
ORDERED, that the portion of respondent's motion seeking counsel fees is denied, and it is
ORDERED, that the portion of respondent's motion seeking to have this Court
[*3]
vacate the Final Order of Custody and Visitation pursuant to CPLR §5015(a)(4) is denied, and it is
ORDERED that the parties shall appear for a pre-trial conference on August 6, 2007 at 9:00 a.m. and shall appear for trial on August 13, 2007, August 14, 2007 and August 15, 2007 at 9:00 a.m. regarding the issues raised in petitioner's petition to modify the Final Order of Custody and Visitation.
This constitutes the Decision and Order of the Court.
ENTER
_______________________________HON. CONRAD D. SINGER
Judge of the Family Court
Dated: June 13, 2007
Check Applicable Box
Order mailed on [specify date(s) and to whom mailed]: _____________________________
Order received in court on [specify date(s) and to whom given]: ______________________
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OF THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST