Matter of S.L. v A.V. (2023 NY Slip Op 00640)

Matter of S.L. v A.V.

2023 NY Slip Op 00640

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 304798/19 Appeal No. 17025 Case No. 2022-03002 

[*1]In the Matter of S.L., Petitioner-Appellant,
v
A.., Respondent-Respondent.

Orrick, Herrington & Sutcliffe LLP, New York (Diana Szego Fassbender of counsel), and Advocate LLP, New York (Jason A. Advocate of counsel), for appellant.
Donohoe Talbert LLP, New York (Margaret M. Donohoe of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about June 6, 2022, which, to the extent appealed from as limited by the briefs, granted, in part, respondent father's motion for counsel fees by awarding him $40,000 in fees and denied petitioner mother's cross motion for counsel fees, unanimously modified, on the law and the facts, to deny the father's motion, and otherwise affirmed, without costs.
The court improvidently exercised its discretion in awarding the father counsel fees. Under the terms of the parties' settlement agreement, a party who defaults "with respect to any obligation under this Agreement and said default is not remedied within twenty (20) days after the sending of a written notice . . . to the defaulting party specifying said default and the required cure" must reimburse the other party's counsel fees and costs as long as the default results in an order substantially in that party's favor. Although the father asserts that the mother failed to abide by the terms of the settlement agreement requiring that the parties make joint decisions regarding their child's medical care, he does not dispute that he failed to send a notice of default, which, under the agreement, is a prerequisite to recovery of fees (see Carroll v Carroll, 244 AD2d 311, 312 [2d Dept 1997]).
In any event, the mother did not breach the terms of the settlement agreement. The mother was faced with having to provide consent to the child's internal examination as part of the investigation into the child's claim that the father had inappropriately touched her genitals. Under the circumstances, the examination falls within the emergency treatment section of the parties' agreement and mutual consent was not required, especially considering that the father, whose consent might otherwise be necessary, was the alleged perpetrator. Moreover, the mother did not breach the agreement by failing to provide medical reports to the father. Even assuming it was the mother's obligation to provide the reports and that the father provided the requisite notice of default — which, as noted above, he did not — the mother had 20 days to comply, and the record shows that the medical reports were forwarded to the father's counsel a little more than a week after the examination occurred.
Moreover, to the extent that the motion court based its award of counsel fees to the father on its finding that ACS records indicate that the mother falsely told Bellevue Hospital staff that she had an order of protection against the father that was in effect at the time that the child was examined, the record is, at best, ambiguous about the mother's statements at the hospital. The records cited by the father in support of his motion constitute hearsay, and the mother denies this allegation.
As to the mother's cross motion for counsel fees pursuant to Domestic Relations Law §§ 237 and 238, Supreme Court providently exercised its discretion in declining to award her counsel [*2]fees, considering the relative financial circumstances of the parties and merit of their positions, and the tactics of a party in prolonging the litigation (see Silberman v Silberman, 216 AD2d 41, 41-42 [1st Dept 1995], appeal dismissed 86 NY2d 835 [1995]; Cravo v Diegel, 163 AD3d 920, 923 [2d Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023